Shirley GRANT, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 93–CA–0348–MR.

Court of Appeals of Kentucky.

March 31, 1995.

Mike Breen, Bowling Green, for appellant.

William J. Rudloff, Rudloff, Golden & Evans, Bowling Green, for appellee.

Before LESTER, C.J., and GARDNER and McDONALD, JJ.

McDONALD, Judge.

Appellant Shirley Grant is before us in this appeal challenging an order of the circuit court stating she is "ordered and directed to appear for physical examination by Dr. Dennis O'Keefe." The order requires Ms. Grant to submit to a medical examination pursuant to KRS 304.39–270(1).

KRS 304.39–270(1) provides:

If the mental or physical condition of a person [herein Ms. Grant] is material to a claim for past or future basic or added reparation benefits, the reparation obligor [herein State Farm] may petition the circuit court for an order directing the person to submit to a mental or physical examination by a physician. Upon notice . . . , the court may make the order for *good cause* shown. (Emphasis added).

Shirley Grant was injured in an automobile accident on February 3, 1992. State Farm Automobile Insurance Company (State Farm) insured her with thirty thousand ($30,000) dollars in basic and added reparations benefits under the Kentucky Motor Vehicle Act (KMVA).

By November 1, 1992, State Farm, as the reparation obligor, expended almost twenty-two thousand ($22,000) dollars in no-fault benefits consisting of lost wages and medical expenses. Ms. Grant was being treated by two physicians and diagnosed as having myofascial pain syndrome with injection therapy recommended.

Allstate Insurance Company is the liability carrier for the adverse vehicle involved in the accident with liability limits of twenty-five thousand ($25,000) dollars.

We surmise solely from the briefs, being without findings of fact from the circuit court, that State Farm filed its petition for the physical examination because Allstate served notice that it would no longer honor State Farm's no-fault subrogation rights. The record being devoid of any judgmental discernment, we rely on counsel's statement that Allstate considered Ms. Grant's further treatments as unreasonable and unnecessary. Why Allstate considered her treatments as unreasonable and unnecessary we do not know, but Allstate's actions do not amount to "good cause shown."

The termination of subrogation rights, we are led to believe, prompted State Farm to file its petition as provided for by the statute. The petition demanded a physical examina-

tion of Ms. Grant alleging: "... a question has arisen concerning the physical condition of [Ms. Grant] which is material to her claim for said benefits." We have no idea what the question might be.

A hearing was held upon the motion filed, but there is no record of what took place. An order of the circuit court was entered simply ordering Ms. Grant for physical examination. The issue, of first impression in Kentucky, is whether the circuit court abused its discretion by ordering the physical examination of Shirley Grant. We conclude there was an abuse of discretion, as far as we can tell. We must reverse and remand for findings of fact.

KRS 304.39–270(1) provides for the action by petition to the circuit court by a reparation obligor. State Farm's petition is not specific as to why an examination is needed other than a "question has arisen concerning the physical condition...." Although the petition is verified, it says nothing of substance. Because no record was made, we have no factual underpinnings to look to, to justify that "good cause" was, in fact, shown.

■ The statute is explicit in its requirement of "good cause shown." We cannot presume that the statute has been complied with by the circuit court.

State Farm offers cases from other jurisdictions; however, they are either distinguishable in the law relied upon or upon their facts.

The cases distinguishable at law are ones which have a mandatory statute providing for physical examinations without any requirement for "good cause shown." The cases distinguishable on the facts are so because the claims were patently suspicious or outlandish. Neither instance applies here as far as we have been advised.

■ For our review, KRS 304.39–270(1) requires that the basis support the "good cause shown." The circuit court may not enter an order for an examination without rhyme or reason, thereby entitling a reparation obligor to an examination simply upon demand.

We reverse and remand for additional proceedings consistent with our opinion.

All concur.