**Cyndi WHITE and Bryan White, Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

**No. 2006-CA-001573-MR.**

Court of Appeals of Kentucky.

Dec. 21, 2007.

Discretionary Review Denied by Supreme Court Oct. 15, 2008.

Scott C. Gordon, Joseph T. Pepper, Louisville, KY, for appellant.

William P. Carrell II, Louisville, KY, for appellee.

Before MOORE and THOMPSON, Judges; GRAVES,[1] Senior Judge.

## OPINION

THOMPSON, Judge.

Cyndi White and her son, Bryan White, appeal from an order of the Bullitt Circuit Court requiring them to submit to independent medical examinations to be performed by a physician selected by their insurance company, Allstate Insurance Company (Allstate). We agree with the trial court that Allstate demonstrated good cause to justify independent physical examinations as required by KRS 304.39–270 and, therefore, affirm.

On April 12, 2004, Cyndi and Bryan were involved in an automobile accident. The following day, both began treatment with Knopp Chiropractic (Knopp). They continued their treatment and the bills were submitted to Allstate for payment as basic reparation benefits. Allstate paid for all dates of service presented for payment through August 6, 2005.

On October 25, 2005, Allstate received additional bills for both Cyndi and Bryan for dates of service beginning September 10, 2005, for Cyndi, and August 26, 2005, for Bryan. Allstate became concerned that the treatment for both Cyndi and Bryan had been unusually prolonged; therefore, beginning in September 2005, Allstate sent several requests to Knopp for an explanation as to the necessity of Bryan's treatment. Beginning in October, similar requests were made regarding Cyndi's treatment. No responses satisfying these requests were received.

After Knopp failed to respond, Allstate mailed a letter to Cyndi on February 6, 2006, requesting that she and Bryan attend independent medical examinations. No response was received until March 6, 2006, when Cyndi contacted Allstate and informed Allstate that she and Bryan would not attend the examinations and that they were represented by counsel.

Allstate then retained a chiropractor, Michael R. Hillyer, to perform a peer review and forwarded all records in its possession to Dr. Hillyer. Dr. Hillyer concluded that Knopp's records failed to indicate a nexus between the treatments and the motor vehicle accident; they failed to document the medical necessity of the treatments; and no treatment plan was provided. He further opined that the fees for the range of motion measurements were excessive.

After receipt of Dr. Hillyer's conclusion, pursuant to KRS 304.39–270, on April 27, 2006, Allstate filed a petition to compel Cyndi and Bryan to attend independent medical examinations. After a hearing on June 26, 2006, the court granted Allstate's petition. Cyndi's and Bryan's subsequent motion to reconsider was denied and this appeal followed.

■ KRS 304.39–270(1) provides that:

If the mental or physical condition of a person is material to a claim for past or future basic or added reparation benefits, the reparation obligor may petition the circuit court for an order directing the person to submit to a mental or physical examination by a physician. Upon notice to the person to be examined and all persons having an interest, the court may make the order for good cause shown. The order shall specify the time, place, manner, conditions,

1. Senior Judge John W. Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

scope of the examination, and the physician by whom it is to be made.

This statute expressly permits an independent medical examiner to evaluate basic reparation benefit claims. However, equally clear is that the insurer cannot compel its insured to submit to an independent medical examination simply upon demand without "good cause."

The pivotal case interpreting the "good cause" provision is *Miller v. United States Fidelity & Guaranty Company*, 909 S.W.2d 339 (Ky.App.1995). Addressing the issue as one of first impression in this Commonwealth, the court utilized Pennsylvania law for guidance and adopted the approach taken in *State Farm Ins. Companies v. Swantner*, 406 Pa.Super. 235, 594 A.2d 316 (1991). Declining to enumerate specific factors, the court held that when determining whether "good cause" has been demonstrated by an insurer, the court must employ a case-by-case analysis, with emphasis on the insurer's ability to affirmatively demonstrate that such cause exists for an independent medical examination to be conducted. *Id.* at 342, 594 A.2d 316. "Good cause" is more than a mere suspicion that the insured's treatments were unnecessary or unreasonable and the insurer must present some proof that the insurer has taken measures to determine the validity or extent of the insured's injuries less intrusive than an unwanted independent medical examination. *Id.* at 342–343, 594 A.2d 316.

Although the law expressed in *Miller* is applicable to the present case, the facts are easily distinguishable and compel the opposite result. In *Miller*, the insurer relied solely on an affidavit submitted by its claims adjuster expressing nothing more than the affiant's suspicion that the treatment of the insured was unnecessary. Such general averments by the employee, the court held, were insufficient to constitute good cause. *Id.*

■ In this case, Allstate repeatedly requested that Knopp provide an explanation for the continued treatment of Cyndi and Bryan. After no response was received, pursuant to the applicable Allstate policy, Allstate then requested that Cyndi and Bryan attend the independent medical examinations. Having failed in its efforts to receive cooperation from Cyndi and Bryan, Allstate then sent all the related records in its possession to Dr. Hillyer for his review. It was not until after receiving Dr. Hillyer's report expressing his opinion that the fees were unnecessary and unreasonable that Allstate filed its petition pursuant to KRS 304.39–270. Under these circumstances, we have no difficulty in concluding that the trial court properly ruled that Allstate had met its burden of demonstrating "good cause" for the independent medical examinations.

Based on the foregoing, the order of the Bullitt Circuit Court is affirmed.

ALL CONCUR.