RENDERED: OCTOBER 16, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1432-MR

JEROME PEEPLES AND
RASHAD LEE                                                            APPELLANTS


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                      HONORABLE MITCH PERRY, JUDGE
                        ACTION NO. 19-CI-004056


ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                       APPELLEE


OPINION
VACATING

** ** ** ** **

BEFORE: CALDWELL, MAZE, AND MCNEILL, JUDGES.

MAZE, JUDGE: Jerome Peeples and Rashad Lee appeal from orders of the

Jefferson Circuit Court granting the petition by Allstate Property and Casualty

Insurance Company (Allstate) to appear for medical examinations by a physician

of its choice as a part of its investigation of their insurance claims. Peeples and

Lee argue that Allstate failed to present any evidence showing "good cause" in support of that order, as required by KRS[1] 304.39-270(1). We agree, finding that Allstate presented no evidence meeting its burden of proof under the statute. Hence, we vacate the orders requiring Peeples and Lee to appear for the examinations.

On November 23, 2018, Peeples and Lee were involved in a motor vehicle accident in Jefferson County, Kentucky. The accident occurred when another vehicle collided with their vehicle in a parking lot. Both vehicles incurred minor damage, the police were not called, and no accident report was filed.

Shortly after the accident, Peeples and Lee began receiving chiropractic treatment. They asserted claims against Allstate, the insurer of the vehicle which they occupied, for payment of medical expenses and any coverage available under Allstate's policy for basic reparations benefits (BRB). In response, Allstate initiated an investigation of the claims. Allstate asserts that the injuries are inconsistent with the minor nature of the accident, that the medical records are inconsistent, and that Peeples previously made a claim asserting similar injuries.

During its investigation, Allstate asked Peeples and Lee to submit to medical examination by a physician of its choice to confirm the claims. After

---

[1] Kentucky Revised Statutes.

Peeples and Lee declined to do so, Allstate filed a petition pursuant to KRS 304.39-270(1) to require them to submit to an independent medical examination (IME).[2] Allstate's petition stated that no decision had been made regarding Peeples' claims and that it needed the IME to complete its investigation of the claim.

The trial court held a hearing on the petition, at which Allstate's counsel summarized the allegations in the petition. Counsel for Peeples and Lee objected, arguing that the representations were not evidence and could not meet the "good cause" standard required by KRS 304.39-270(1). Nevertheless, the trial court entered Allstate's tendered order directing Peeples and Lee to appear for an IME "at a mutually convenient date and time no later than thirty days from the entry of this Order. . . ." After the parties could not agree on a date, the trial court subsequently entered an order directing Peeples and Lee to appear for the IME on September 10, 2019.[3] Peeples and Lee now appeal from these orders.

---

[2] KRS 304.39-270(1) refers to a "mental or physical examination by a physician." Previous cases interpreting this section have referred to such an examination as an "independent medical examination" or "IME." That term has a specialized meaning, particularly within the field of workers' compensation law. But in the interest of consistency, we will continue to use that term here. In so doing, however, we do not suggest that the results of such an examination should be afforded any presumption of credibility. Rather, the results of such an examination are simply evidence, the credibility of which must be decided by the ultimate finder of fact.

[3] The parties do not indicate whether the IMEs were ever conducted.

Peeples and Lee sought coverage under the BRB provisions of Allstate's policy. That coverage must be construed in accord with the provisions of the Motor Vehicle Reparations Act (MVRA), KRS 304.39-010, *et seq.* *See Countryway Ins. Co. v. United Fin. Cas. Ins. Co.*, 496 S.W.3d 424, 434 (Ky. 2016). In pertinent part, KRS 304.39-210 requires Allstate to conduct a reasonable investigation and to pay claims timely after receiving proof of the fact and amount of loss realized. As part of the insurer's investigation, KRS 304.39-270(1) provides that:

> If the mental or physical condition of a person is material to a claim for past or future basic or added reparation benefits, the reparation obligor may petition the circuit court for an order directing the person to submit to a mental or physical examination by a physician. Upon notice to the person to be examined and all persons having an interest, the court may make the order for good cause shown. The order shall specify the time, place, manner, conditions, scope of the examination, and the physician by whom it is to be made.

This statute expressly permits an insurer to require a claimant to submit to a medical examination to evaluate BRB claims. However, the insurer cannot compel its insured to submit to an IME simply upon demand without a showing of "good cause."

The pivotal case interpreting the "good cause" provision is *Miller v. United States Fidelity & Guaranty Company*, 909 S.W.2d 339 (Ky. App. 1995). The Court in *Miller* held that an insurer must employ a case-by-case analysis, and

that the insurer must affirmatively demonstrate that such cause exists for a medical examination to be conducted. *Id.* at 342. The Court further held that "good cause" is more than a mere suspicion that the insured's treatments were unnecessary or unreasonable. Rather, the insurer must present some proof that it has taken measures to determine the validity or extent of the insured's injuries less intrusive than an unwanted independent medical examination. *Id.*

In *Miller*, the insurer submitted an affidavit by its adjuster setting out its general suspicions about the claim. This Court concluded that the affidavit, by itself, was insufficient to show good cause to require an IME. *Id.* The Court in *Miller* concluded that the insurer failed to show either good cause or that less intrusive measures were insufficient. In the absence of any specific evidence supporting these suspicions, the Court concluded that the insurer failed to establish good cause to require a medical examination. *Id.* at 343.

On the other hand, in *White v. Allstate Insurance Co.*, 265 S.W.3d 254 (Ky. App. 2007), this Court held that the insurer had shown good cause to require its insured to submit to an IME. In *White*, the insurer retained a medical expert to perform a peer review of the insureds' medical records. The expert concluded that the medical records failed to indicate a nexus between the treatments and the motor vehicle accident, failed to document the medical necessity of the treatments, and failed to provide a treatment plan. *Id.* at 255. This Court concluded that the

expert's report was sufficient to establish good cause to require the insured to attend the IME. *Id.* at 256.

Allstate argues that the holdings in *Miller* and *White* have been modified by the decision of the Kentucky Supreme Court in *Government Employees Insurance Co. v. Sanders*, 569 S.W.3d 923 (Ky. 2018). But in *Sanders*, the Court merely held that a reparations obligor may not rely solely on a medical-records review to deny or terminate an insured's benefits. *Id.* at 925. The Court expressly distinguished that situation from the proof necessary for an insurer to establish good cause under KRS 304.39-270(1). *Id.*

In *Miller*, this Court set out the type of evidence which an insurer must submit to justify an IME: (1) peer review of the insured's medical records by an independent health care provider; (2) evidence disputing the credentials of the insured's treating physician; (3) a showing that the treating physician failed to provide further documentation or to answer any specific concerns; (4) an explanation how another examination could be expected to satisfy the company's misgivings; and (5) specific reasons supporting the company's doubts about the necessity for treatment were provided. 909 S.W.2d at 342. The Court held that the insurer is not required to make a showing on all these factors. *Id.* at 342-43. As noted above, a peer review of the insured's medical records by an independent

health provider may be sufficient to establish good cause. *White*, 265 S.W.3d at 255.

KRS 304.39-270(1) clearly places the burden on the reparations obligor to demonstrate affirmative proof that "good cause" exists for an IME to be conducted. *Miller*, 909 S.W.2d at 342. Until such good cause is shown, the MVRA creates a statutory presumption of reasonableness of medical bills as submitted. *Id.* In the current case, Allstate's petition merely alleged that "Respondents' medical injuries are inconsistent with regard to the severity and location of pain." Allstate also alleged that it had concerns about the claims due to the minor nature of the accident and because "Respondents have a history of motor vehicle accidents wherein they alleged similar injuries to what they are claiming resulted from the subject accident . . . ."

The petition was not accompanied by an affidavit supporting these allegations. Moreover, Allstate's allegations in its petition are not proof. *See Educ. Training Sys., Inc. v. Monroe Guar. Ins. Co.*, 129 S.W.3d 850, 853 (Ky. App. 2003). Likewise, arguments and representations by Allstate's counsel are not evidence. *Mason v. Commonwealth*, 331 S.W.3d 610, 624-25 (Ky. 2011). At the hearing, Allstate presented no evidence to establish good cause. In fact, the only proof offered by Allstate consists of the photographs showing the damage to each of the vehicles. But even that material is questionable because Allstate offered no

foundation to support its admission as evidence. Counsel only presented his representations of Allstate's general suspicions that the treatments received by Peeples and Lee were unnecessary.

Under the circumstances, Allstate failed to satisfy its burden of proof for an IME under KRS 304.39-270(1). In the absence of any proof by Allstate, the trial court had no basis for the entry of an order. Therefore, we conclude that the trial court clearly erred by granting Allstate's petition. Nothing in this Opinion precludes Allstate from filing a new petition which the trial court would consider in light of the evidence presented.

Accordingly, we vacate the orders of the Jefferson Circuit Court directing Peeples and Lee to appear for an independent medical examination.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Aaron Michael Murphy
Louisville, Kentucky

BRIEF FOR APPELLEE:

Eric C. Rice
Daniel S. Gumm
Megan L. Adkins
Louisville, Kentucky