RENDERED: JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0413-MR

COSTA RWAGASORE                                           APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.           HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 21-CI-006453

GRANGE PROPERTY & CASUALTY                               APPELLEE
INSURANCE CO.

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND ECKERLE, JUDGES.

COMBS, JUDGE: This case arises from an insurance dispute in which the insurer

sought a medical examination of the claimant. Costa Rwagasore appeals from an

order of the Jefferson Circuit Court granting the petition of Grange Property and

Casualty Insurance Company (Grange) to appear for a medical examination by a

physician of its choice as a part of its investigation of Rwagasore's insurance

claim. Rwagasore argues that Grange failed to present evidence showing "good

cause" in support of its petition as required by the provisions of Kentucky's Motor Vehicle Reparations Act (MVRA), KRS[1] 304.39-010 *et seq.* KRS 304.39-270(1). After our review, we affirm the court's order requiring Rwagasore to appear for the examination.

On October 19, 2020, Rwagasore was driving his Nissan Sentra southbound on Hurstbourne Parkway in Louisville. While he was stopped at a traffic signal, his vehicle was rear-ended by a vehicle that immediately fled the scene. The accident report prepared by an officer of the Jeffersontown Police Department indicated: "no injuries, no pictures taken and no vehicles were towed." Eleven days later, Rwagasore sought treatment at a medical clinic. He complained of pain in his back, chest, neck, shoulder, left knee, right leg, and right foot. Ultimately, Rwagasore received extensive medical care and treatment from numerous medical providers. He sought insurance coverage under the basic reparations benefits provisions of Grange's policy.

Upon evaluating the claim, Grange suspected that the injuries allegedly sustained were not caused by the motor vehicle accident. After reviewing medical records submitted by Rwagasore, Grange requested a recorded statement, which Rwagasore provided on February 1, 2021. Based on this statement, Grange requested that Rwagasore participate in an examination under

---

[1] Kentucky Revised Statutes.

oath. On May 26, 2021, Rwagasore participated in the examination under oath. Grange then requested an expert peer review of Rwagasore's medical records. After it received the results of the peer review of the records, Grange filed a petition pursuant to the provisions of KRS 304.39-270 requesting the court to order Rwagasore to appear for a medical examination.

Grange argued that Rwagasore put his physical condition at issue and that a real dispute surrounded whether the allegedly significant injuries arose from the minor motor vehicle accident. It observed that Rwagasore had an extensive medical history of pre-existing issues with his right knee; that he had been involved in four prior motor vehicle accidents in a short span of time; that his alleged injuries appeared inconsistent with the nature of the motor vehicle accident of October 2020; and that a peer review of his medical records indicated that an examination of the medical records alone was insufficient to determine the cause of the alleged injuries or the necessity of the care and treatment provided. Grange sought an order requiring Rwagasore to submit to a limited physical examination in an effort to establish the nature of the loss -- if any. Rwagasore filed a written response challenging Grange's request.

Following a hearing, the trial court found that Grange had demonstrated good cause to warrant a physical examination pursuant to the statute and ordered the examination. The court ordered Rwagasore to appear for an

examination to be conducted by Dr. Michael Best at his office on Breckenridge Lane in Louisville within thirty (30) days. The examination was limited to the injuries allegedly sustained as a result of the motor vehicle accident of October 2020. This appeal followed.

On appeal, Rwagasore contends that the circuit court erred by ordering him to submit to a physical examination because Grange failed to show that it had utilized less intrusive means of evaluating his claim and failed to show that an in-person physical examination was warranted.

The provisions of KRS 304.39-210 require Grange to conduct a reasonable investigation and to pay claims after receiving proof of the fact and amount of loss. As part of the insurer's investigation, KRS 304.39-270(1) provides as follows:

> If the mental or physical condition of a person is material to a claim for past or future basic or added reparation benefits, the reparation obligor may petition the circuit court for an order directing the person to submit to a mental or physical examination by a physician. Upon notice to the person to be examined and all persons having an interest, the court may make the order for good cause shown. The order shall specify the time, place, manner, conditions, scope of the examination, and the physician by whom it is to be made.

While the statute expressly permits an insurer to require a claimant to submit to a medical examination, it cannot compel the examination without a showing of

-4-

"good cause." *Grant v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 24 (Ky. App. 1995).

In *Miller v. United States Fidelity & Guaranty Company*, 909 S.W.2d 339 (Ky. App. 1995), we held that "good cause" is more than a mere suspicion that the insured's care was unnecessary or unreasonable. Instead, the insurer must present some proof that it has taken measures to determine the validity or extent of the insured's injuries that were less intrusive than an unwanted medical examination. *Id.* In *Miller*, the insurer submitted to the trial court an affidavit by its adjuster setting out its general suspicion about the claim. We concluded that the affidavit, by itself, was insufficient to show good cause to require the examination. Absent any specific evidence supporting its suspicions, we concluded that the insurer failed to establish good cause to require a medical examination. *Id.* at 343.

However, in *White v. Allstate Insurance Company*, 265 S.W.3d 254 (Ky. App. 2007), we held that the insurer had shown good cause to require its insured to submit to a medical examination. In *White*, the insurer retained a medical expert to perform a peer review of the insureds' medical records. The expert concluded that the medical records failed to indicate a nexus between the care provided and the motor vehicle accident; failed to document the medical necessity of the care and treatment; and failed to provide a treatment plan. We

concluded that the expert's report was sufficient to establish good cause to compel the insured to attend the medical examination.

In this case, Grange employed numerous measures to evaluate Rwagasore's claim before it petitioned the court to compel him to appear for a physical examination. In its petition, Grange set forth specific reasons supporting its suspicions concerning the nature of Rwagasore's treatment and care and explained to the trial court how the physical examination could be expected to address its suspicions about the cause of his alleged injuries. Following his review of the available medical records, Dr. Best reported to Grange as follows:

> Clearly, with this multiplicity of patient complaints, especially a past history of chronic regional pain syndrome[,] the only objective means by which this patient can be evaluated is with a hands-on physical examination with functional testing. A simple records review, without examining the patient, would fail to adequately identify pathology and need for treatment. We could not adequately determine the cause of a gap in treatment, the necessity of 30 physical therapy visits and whether all treatment was provided secondary to the effects of the motor vehicle accident. Therefore, an independent medical evaluation with functional capacity testing should be performed in order to adequately assess this patient's injuries.

Grange amply explained the basis of its doubts concerning the nature of Rwagasore's alleged injuries and cited evidence sufficient to place causation at issue. Moreover, as noted above, a peer review of the insured's medical records by an independent medical expert may be sufficient to establish good cause for a

physical examination.  *White*, 265 S.W.3d at 255.  Under the circumstances of this case, Grange satisfied its burden to show good cause.  Therefore, the trial court did not err by ordering Rwagasore to submit to the medical examination sought by Grange.

We affirm the order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Aaron Michael Murphy
Louisville, Kentucky

BRIEF FOR APPELLEE:

Eric S. Rice
Daniel S. Gumm
R. Christian Garrison
Louisville, Kentucky